UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON TRUCKING ASSOCIATIONS, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL TRAUSE, *et. al.*, <br><br> Defendants. | CASE NO. C11-1223RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiffs, Washington Trucking Association and six individual trucking companies, filed this action seeking declaratory judgment, injunctive relief, and damages for the enforcement by the Washington State Employment Security Department of its unemployment taxation regulations. (Dkt. # 1). This matter is now before the Court upon Defendants' Motion to Dismiss Plaintiffs' Complaint. (Dkt. # 9). Having carefully considered the motion, Plaintiffs' response, Defendants' reply, and Plaintiffs' surreply, along with the balance of the record, the Court shall grant Defendants' Motion to Dismiss.[1]

---

[1] Defendants' Response to Plaintiffs' Surreply, (Dkt. # 18), was not considered because the pleading was filed in violation of Local Rule CR 7(g)(4).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

## II. BACKGROUND

Plaintiff, Washington Trucking Associations ("WTA") is a nonprofit corporation licensed in the State of Washington. Plaintiff Knight Transportation, Inc. is an Arizona corporation, while plaintiffs Eagle Systems, Inc., Gordon Trucking, Inc., Haney Trucking Line, Inc., PSFL Leasing, Inc., and System-TWT Transport d/b/a System-TWT, (the "Motor Carriers") are all Washington corporations (collectively the "Plaintiffs"). They filed this action pursuant to 28 U.S.C. § 1331 seeking a declaration that the Federal Aviation Administration Amendments Act preempts Washington law, an injunction to enjoin the defendants from enforcing Wash. Rev. Code §§ 50.04.100 and .140, and damages for violations of the Plaintiffs' Fourteenth Amendment rights to due process and equal protection. They name as defendants Paul Trause, Bill Ward, Lael Byington, and Joy Stewart, each of whom is an employee of Washington's Employment Security Department. Plaintiffs also name the defendants' respective spouses and marital communities.

The Motor Carriers are trucking companies that may either own their own equipment and have direct employees, or they may contract with independent owner/operators. Owner/operators own their equipment and lease the equipment, mainly trucks or tractors, to the Motor Carriers. The owner/operators may operate the trucks as drivers or hire employees to act as drivers and contract both the equipment and the driving services to the Motor Carriers. This relationship is regulated by the Motor Carrier Act, 49 U.S.C. § 13101 (2006), and United States Department of Transportation regulation 49 C.F.R. § 379 (2001). Among other requirements, owner/operators are required to operate their equipment under the authority of a Motor Carrier and the equipment must bear the Carrier's identification number. Additionally, the Motor Carriers must carry the owner/operator on its insurance and those owner/operators that operate the equipment must provide background data relative to their driving records, and show that they have met the federal standards for drug testing and general driving skills.

The Washington State Employment Security Department ("ESD") administers Title 50 of the Revised Code of Washington and Washington's unemployment compensation system. The ESD is responsible for conducting audits of Washington corporations to ensure compliance with Washington's unemployment compensation taxes and requirements. Recently, the ESD audited the owner/operator–Motor Carrier relationship and classified owner/operators as being in the "employment" of the Motor Carriers, thus, requiring the Motor Carriers to pay unemployment compensation taxes.

Plaintiffs contend that the classification of owner/operators as "employees" will increase the expenses of the Motor Carriers, preclude the leasing of equipment by Motor Carriers, and inevitably result in the restructuring of the trucking industry. Plaintiffs claim that the ESD's interpretation of "employment" under Wash. Rev. Code §§ 50.04.100 and .140 as applied to the Motor Carriers is preempted by the Federal Aviation Administration Amendments Act ("FAAAA") because "States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of any motor carrier," 49 U.S.C. § 14501(c) (2006).

Plaintiffs believe that requiring Motor Carriers to pay unemployment taxes for owner/operators will ultimately affect the price, route, or service of the Motor Carriers. Therefore, Plaintiffs seek (1) a declaratory judgment stating that the FAAAA and 49 C.F.R. § 376 preempt Wash. Rev. Code §§ 50.04.100 and .140; (2) a permanent injunction enjoining the ESD's enforcement against the Motor Carriers; and (3) a damages award because the ESD violated the Plaintiffs' right to equal protection and due process under 49 U.S.C. § 1983.

Defendants moved to dismiss, claiming that the Court lacks subject matter jurisdiction because the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 (2006), and the Eleventh Amendment

prevent the Plaintiffs from bringing this case in federal court. Defendants also contend that the WTA lacks standing before the Court.

### III. DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to bring a motion to dismiss asserting a "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the United States Constitution and statute, which is not to be expanded by judicial decree. *Id.* The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Id.* A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the pleadings to review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the court takes all the material allegations of the plaintiff's complaint as true and draws all reasonable inferences in its favor. *Id.* If the court finds that it lacks subject matter jurisdiction, then it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As a preliminary matter, because the Court has considered only the application of the TIA in making its decision, the Court views the Defendants' Rule 12(b)(1) challenge as a facial attack upon Plaintiffs' complaint.

**B. Tax Injunction Act**

Defendants contend that the Tax Injunction Act, 28 U.S.C. § 1341 (2006), prohibits subject matter jurisdiction of the Court in this case. The Court agrees. The TIA provides that

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

28 U.S.C. § 1341 (2006).

The Supreme Court has established a three step process to assess the application of theTIA. First, the Court must consider the nature of the relief requested. *Hibbs v. Winn*, 542 U.S. 88, 99 (2004). Second, the Court must consider whether the relief requested will enjoin, suspend or restrain the assessment, levy, or collection of state taxes. *Id.* Finally, the Court must determine whether a "plain, speedy and efficient remedy" is available in the state courts. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982).

1. <u>Relief Requested</u>

The nature of the relief sought by the Plaintiffs is clearly the relief contemplated and prohibited by the TIA. The TIA prohibits both declaratory and injunctive relief that interferes with the assessment or collection of taxes. *Grace Brethren Church*, 457 U.S. at 411. Plaintiffs seek declaratory judgment that the FAAAA preempts Wash. Rev. Code §§ 50.04.100 and .140. (Dkt. # 1, ¶ 36). Plaintiffs also seek injunctive relief enjoining the ESD from collecting unemployment compensation taxes from the Motor Carriers for their hiring of owner/operators. (Dkt. # 1, ¶ 37). Therefore, because the Plaintiffs seek both the type of injunctive and declaratory relief prohibited by the TIA, the Court finds that the TIA applies if the relief sought by Plaintiffs applies to either the assessment or collection of taxes.[2]

---

[2] Plaintiffs also seek damages for claims of constitutional violations under 28 U.S.C. § 1983. Because this claim was brought in conjunction with claims against the state's authority to tax, the Court must dismiss the § 1983 claims as well. *See Grace Brethen Church*, 457 U.S. at 414 (where the Supreme Court recognized that "all constitutional objections to [a] tax" may be brought in state courts).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

2. <u>Assessment, Levy, or Collection of Taxes</u>

The dispositive test to determine whether the relief sought applies to the assessment or collection of taxes is whether the "[f]ederal-court relief . . . would have operated to reduce the flow of state tax revenue." *Hibbs*, 542 U.S. at 106. Plaintiffs request declaratory judgment claiming the FAAAA preempts Wash. Rev. Code §§ 50.04.100 and .140. (Dkt. # 1, 16). Additionally, Plaintiffs seek injunctive relief preventing the ESD from enforcing any rule or regulation that violates the FAAAA. (Dkt. # 1, 16). By combining these two claims, Plaintiffs are attempting to prevent the ESD from conducting further audits of the Motor Carriers and issuing assessments regarding the "employment" status of owner/operators hired by the Carriers. (Dkt. # 1, 16). Plaintiffs concede that these assessments are in fact taxes. (Dkt. # 1, ¶ 41). Therefore, granting Plaintiffs' relief would effectively reduce state tax revenues by prohibiting the ESD's assessment and collection of taxes from the Motor Carriers.

Additionally, Plaintiffs' reliance on *Hibbs* is misplaced. (Dkt. # 11, 13:10-12). The *Hibbs* court allowed the suit to proceed, not because a constitutional issue or federal law was implicated, but rather because the underlying complaint was trying to enjoin a "tax credit." 542 U.S. at 92-93. The Court made the rule explicitly clear, "[section] 1341 . . . restrain[s] taxpayers from instituting federal actions to contest their *liability* for state taxes, but not to stop third parties from pursuing constitutional challenges to tax *benefits* in a federal forum." *Id.* at 108 (emphasis added).[3] Plaintiffs have only challenged the "tax assessments," (Dkt. # 1, ¶ 41), and

---

[3] Plaintiffs further assert that "[n]umerous federal court decisions have reached the merits of third-party challenges to a tax without mentioning the TIA." (Dkt. # 11, 15:17-19) (citing *Hibbs*, 542 U.S. at 110). However, Plaintiffs' paraphrase of *Hibbs* has deceptively excised the critical word "benefits" from the Supreme Court's statement, completely changing its meaning. *Hibbs*, 542 U.S. at 110. Every case cited by *Hibbs* and referred to by the Plaintiffs only addresses a form of tax "deduction," "reduction," "benefit," "credit," or "exemption." *Id.* at 110-11. Nowhere does *Hibbs* assert that third-party challenges to tax *collections* are allowed in Federal Court in light of the TIA.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

have not challenged any tax benefit. Therefore, the Court finds that the TIA prohibits jurisdiction unless the Plaintiffs lack a plain, speedy, and efficient remedy in state courts.

3. Plain, Speedy, and Efficient Remedy

Plaintiffs have a plain, speedy, and efficient remedy in the state courts to address all of their complaints. The "plain, speedy, and efficient remedy" exception must be construed narrowly and only requires that the state court remedy meet "certain minimal *procedural* criteria." *May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1270 (9th Cir. 2004) (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981)). Particularly, the state court must provide the taxpayer with a "full hearing and judicial determination" where the Plaintiffs "may raise any and all constitutional objections to the tax." *Grace Brethren Church*, 457 U.S. at 411 (internal quotations omitted). Furthermore, state-court remedies are "plain" when the procedures available in state court are certain. *May Trucking Co.*, 388 F.3d at 1270. State-court remedies are "efficient" when the state court remedy does not impose an unusual hardship requiring ineffectual activity or an unnecessary expenditure of time or energy. *Id.* at 1271 (citing *Rosewell*, 450 U.S. at 518). Finally, whether a remedy is "speedy" is fact dependent. *Rosewell*, 450 U.S. at 521. However, relevant to this case, courts have found that a 2-year delay from the point of payment of the tax to the point of refund does not fall outside the "boundary of a 'speedy' remedy." *Id.*

Plaintiffs assert that they have no "plain, speedy, and efficient remedy" because the underlying tax proceedings of this case have taken place in an administrative setting rather than the courts. (Dkt. # 11, 18:6-9). Plaintiffs take this argument too far. Courts consistently recognize that an administrative proceeding may be one component of a "plain, speedy, and efficient remedy" so long as the state statutes allow for the possibility of judicial appeal. *See Rosewell*, 450 U.S. 503; *May Trucking Co.*, 388 F.3d 1261. In this case, if Plaintiffs' receive an

adverse ruling after exhausting their administrative remedies, they may seek judicial review pursuant to Wash. Rev. Code § 50.32.132 and § 34.05.570. Furthermore, Plaintiffs are specifically authorized to raise any constitutional objections to the ESD's actions. Wash. Rev. Code § 34.05.570(3)(a). Finally, plaintiffs have provided no facts to show that the judicial review process falls outside the boundary of a speedy remedy. Therefore, the Court finds that the plain, speedy, and efficient remedy provided by Wash. Rev. Codes § 50.32.132 and § 34.05.570 satisfies the requirements of the TIA.

In light of this determination, the Court finds it unnecessary to address the remaining claims raised by either the Plaintiffs or Defendants. Plaintiffs' preemption argument may be presented in the state court proceedings.

The Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss for lack of jurisdiction (Dkt. # 9) is GRANTED and this action is hereby DISMISSED;

(2) All pending motions are stricken as moot.

Dated February 21, 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE